IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGINA SILVEYRA, MOISES SILVEYRA Sr. and MOISES SILVEYRA Jr.<br><br>Plaintiffs,<br><br>v.<br><br>POLICE OFFICER VASQUEZ, STAR # 11852; UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF CHICAGO, a municipal corporation<br><br>Defendants. | CASE NO. 19cv1675 |

**COMPLAINT**

Plaintiffs Georgina Silveyra, Moises Silveyra Sr., and Moises Silveyra Jr., by their undersigned attorneys, respectfully submits the following Complaint against Chicago Police Officer Vasquez, Star # 11852; UNKNOWN CHICAGO POLICE OFFICERS; and THE CITY OF CHICAGO, a municipal corporation.

**INTRODUCTION**

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of Plaintiffs' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts that give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiffs were residents of this judicial district at all relevant times.

4. Defendant Police Officer Vasquez, Star # 11852 was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago acting in the capacity of a sworn law enforcement official.

5. Unknown Chicago Police Department Officers were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of a sworn law enforcement official.

6. Defendant City of Chicago was, at all relevant times, an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located within this judicial District.

**FACTUAL SUMMARY**

7. On or about March 8, 2018, Plaintiffs, a family of law abiding citizens, resided in one of the units of the building at 5522 N. Sawyer Ave. in Chicago.

8. On or about March 8, 2018, Defendant Officer Vasquez, Defendant Unknown Chicago Police Officers, and a John Doe informant fabricated false information attributable to the "John Doe" informant and included such information on an application for a search warrant for an individual named Oscar Lopez.

9. Defendant Officer Vasquez, Defendant Unknown Chicago Police Officers, and a John Doe informant falsely claimed that the John Doe informant had information about an Oscar Lopez dealing drugs out of Plaintiffs' residence at 5522 N. Sawyer Ave.

10. No one by the name of Oscar Lopez lived at 5522 N. Sawyer.

11. After obtaining a search warrant based on this false information, Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers broke down the front door of Plaintiffs' home without warning, placed guns to Plaintiffs' head, screamed at Plaintiffs, and detained Plaintiffs while they ransacked the Plaintiffs' home.

12. Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, ransacked Plaintiffs' home, including removing clothing from closets, turning mattresses upside down, opening drawers and cabinets, and moving personal items around.

13. This search revealed no drugs or other contraband, and resulted only in damage to Plaintiffs' property and terrifying Plaintiffs in their own home.

### COUNT I (42 U.S.C. § 1983 Unlawful Search)

14. Plaintiffs repeat, re-allege, and incorporate by reference the factual allegations above as though fully set forth herein.

15. Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, entered and searched Plaintiffs' home without any legal justification, in violation of the Fourth Amendment to the United States' Constitution.

16. As a direct and proximate result of the illegal search of Plaintiffs' home, Plaintiffs have suffered damages, including, but not limited to, property damage, property loss, and severe emotional distress.

### COUNT II (42 U.S.C. § 1983 Unlawful Seizure)

17. Plaintiffs repeat, re-allege, and incorporate by reference the factual allegations above as though fully set forth herein.

18. Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers detained Plaintiffs while unlawfully searching their home without any legal justification to do so, in violation of the Fourth Amendment to the United States' Constitution.

19. As a direct and proximate result of the illegal seizures of Plaintiffs' person, they have suffered damages that will be proven at trial, including, but not limited to, property damage, property loss, and severe emotional distress.

**COUNT III (42 U.S.C. § 1983 Unreasonable Procurement of a Search Warrant)**

20. Plaintiffs repeat, re-allege, and incorporate by reference the factual allegations above as though fully set forth herein.

21. Plaintiffs are informed and believe that Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers procured a search warrant on or about March 8, 2018, identifying Plaintiffs'

home at 5522 N. Sawyer as the premises to be searched and indicating that an Oscar Lopez resided at this location.

22. Oscar Lopez did not reside at 5522 N. Sawyer.

23. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

    (a)    In order to obtain the warrant, Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, fabricated false information in the complaint and application for the warrant;

    (b)    Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, relied upon a "John Doe" informant who had not previously provided reliable information in order to obtain the warrant;

    (c)    Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, failed to independently verify information provided by the informant prior to obtaining the warrant;

    (d)    Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, failed to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiffs' home or Oscar Lopez's place of residence;

    (e)    Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, failed to conduct a search of available databases for any information connecting Oscar Lopez to 5522 N. Sawyer.

    (f)    Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, failed to be truthful with the Assistant State's Attorney approving

the warrant application and the judge issuing the warrant regarding all information provided by any alleged informant and corroboration of that information or lack thereof;

(g) Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, failed to conduct a search of available databases for information related to the identity of the owner and occupants of the residence, Plaintiffs Georgina, Silveyra, Moises Silveyra Sr., and Moises Silveyra Jr.

24. No reasonable police officer in the position of Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, would have applied for the search warrant obtained by Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers. Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, obtained the search warrant intentionally or with reckless disregard to the rights of Plaintiffs.

25. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiffs' Fourth Amendment rights under the United States Constitution.

26. As a result of the unreasonable procurement of the search warrant by Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, Plaintiffs sustained damages. including but not limited to property damage, property loss, and severe emotional distress.

### COUNT IV (*Monell* Claim)

27. Plaintiffs repeat, re-allege, and incorporate by reference the factual allegations above as though fully set forth herein.

28. At all relevant times, Defendant City of Chicago, by and through its employees and agents of the Chicago Police Department, maintained official policies, customs, and

practices that facilitated and condoned the misconduct by Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, outlined above.

29. At all relevant times, the Chicago Police Department maintained a policy or custom of failing to discipline, supervise, or control its officers and, in particular, failing to discipline, supervise, or control officers who failed to independently corroborate alleged information obtained by "John Doe" informants in obtaining search warrants into private residences. By maintaining these policies or customs and practices, the Defendant City of Chicago caused its officers to believe that they could engage in misconduct and illegal searches with impunity because their actions would never be thoroughly scrutinized.

30. Before the illegal search of the Plaintiffs' home and destruction of her property on March 8, 2018, policymakers for the City of Chicago knew that the Chicago Police Department's policies, customs, and practices for disciplining, supervising, and controlling its officers and, in particular, officers who failed to corroborate information from "John Doe" informants before executing search warrants in the homes of private citizens, were inadequate and caused police misconduct.

31. As a direct and proximate result of the Defendant City of Chicago and the Chicago Police Department's inadequate policies, customs, and procedures for disciplining, supervising, and controlling its officers, and in particular, its policies, customs, and procedures concerning the corroboration, preparation, and execution of "John Doe" search warrants, and the failure of City policymakers to address these problems, Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, continued to engage in misconduct resulting in the wrongful search, seizure, and injury to Plaintiffs described above.

### COUNT V (State Law Claim: Indemnification)

32. Plaintiffs repeat, re-allege, and incorporate by reference the factual allegations in paragraphs 1-26 above as though fully set forth herein.

33. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

34. At all relevant times, Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, were employees of the City of Chicago and acted within the scope of his employment in committing the misconduct described herein.

### PRAYER

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, awarding Plaintiffs compensatory damages, punitive damages against Defendant Officer Vasquez and Defendant Unknown Chicago Police Officers, attorney fees, costs, pre-judgment and post-judgment interest, and such other and further relief that the Court deems just including equitable relief against Defendant City of Chicago regarding Plaintiffs' *Monell* claim.

DATE: March 10, 2019

Respectfully Submitted,

By: /s/ Robert Robertson

Robert Robertson
Marko Duric
ROBERTSON DURIC
One North LaSalle, Suite 300
Chicago, Illinois 60602
(312) 223-8600
rob@robertsonduric.com
marko@robertsonduric.com